IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-60350-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

JENNIFER CASTRO,

    Defendants.
_____/

**SENTENCING MEMORANDUM**
**REQUEST FOR DOWNWARD VARIANCE**

COMES NOW the Defendant, JENNIFER CASTRO, by and through her undersigned counsel, and respectfully files this sentencing memorandum along with other submissions (character letters) previously filed [DE 143] in support of the sentencing hearing scheduled for November 3, 2017 at 1:30 pm. At the time of sentencing, the Defendant will be requesting this Honorable Court to vary downward from the advisory sentencing guideline range, (235-293 months imprisonment) and impose the applicable minimum prison sentence that this Court is legally bound to impose under the law. Because the Defendant was convicted of 18 U.S.C. 1591(a)(1), absent any government motion to the contrary, the Court is required to impose a minimum 10 year prison sentence.

First and foremost, just based upon the mere facts of this case, without getting into any of the statutory factors identified in 18 U.S.C. § 3553(a), the advisory sentencing guideline range reflected in the PSR appears to be completely out of line with any notion of fairness and proportionality, not to mention the substantively unreasonableness of such a long sentence.

Since this Court was in the unique position to actually hear the entire trial testimony, most importantly the testimony of the victim, A.E., it would appear that a sentence which varies

significantly downward from the exceedingly high advisory guideline range would be reasonable and justified under these circumstances. Imposing a 10 year minimum mandatory sentence in this case is clearly sufficient to achieve the goals of sentencing.

This type of sentence clearly promotes respect for the law and sends a strong message to others who may engage in similar type of conduct. A minimum mandatory sentence of 10 years imprisonment for Ms. Castro will clearly be a major punishment for her, not to mention the other harsh ramifications due to her being classified as a sexual offender as a result of her conviction. This type of sentence will undoubtedly have a deterrent effect on her as well.

Jennifer Castro has already filed her legal objections to the PSR [DE 139]. Based upon the grounds relied therein, if the Court were to sustain these objections, the advisory guideline range for Jennifer Castro would place her in a Total Offense Level of 22 and her imprisonment range would be 51 to 63 months. This range by itself is more than sufficient but not greater than necessary to achieve the goals of sentencing. Because this guideline range is below the minimum mandatory sentence of 10 years imprisonment, pursuant to USSG § 5G1.1(b), the recommended guideline sentence becomes the minimum mandatory. A sentence of 10 years imprisonment for Jennifer Castro is sufficient and not greater than necessary under the circumstances surrounding this case.

As this Court is aware, pursuant to United States v. Booker, 543 U.S. 220 (2005), an advisory guideline sentence is no longer mandatory and the factors that must be considered in imposing an appropriate sentence are set forth in 18 U.S.C. § 3553(a). Booker simply made clear that district courts are only required to give "some weight" to the advisory guidelines. Id. Section 3553(a) provides, inter alia, that "…[t]he court shall impose a sentence sufficient, but not greater than necessary. It goes on to further state in part, that "…The court, in determining the particular sentence to be imposed, shall consider: (1) the nature of the circumstances of the offense and the

history and characteristics of the defendant; (2) the need for the sentence imposed; (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) To protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; Additionally, the court needs to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Under the authority of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), a sentence less than that advised by what this Court determines to be the applicable sentencing guideline range is appropriate through application of the § 3553(a) factors. Additionally, as set forth in Nelson v. United States, 555 U.S. 350, 129 S. Ct. 890 (2009), Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007) and Booker *supra*, a sentencing court may not presume that a sentence within the applicable guidelines range is reasonable but added, "[t]he Guidelines are not only **not** mandatory on sentencing courts, they are not to be presumed reasonable.*"* Nelson v. United States, 555 U.S. at 352. (emphasis added).  Nothing could be further from the truth when applying the facts of this case to these holdings set forth by the United States Supreme Court.

Therefore, taking into consideration the statutory sentencing factors outlined above, such a sentence that varies downward from the exorbitant range of 235 to 296 months incarceration to that of the 10 year minimum mandatory sentence required pursuant to 18 U.S.C. § 1591 is more than sufficient.

Jennifer Castro, who is only 27 years old, prior to her recent incarceration a couple of months ago, had been raising her (2) two small children in Sunrise, Florida. Her children, Jeremiah and Ja'Nyah, are ages 2 and 7, respectively. Jennifer Castro was also in the midst of improving her education and attending Broward College, taking (4) four classes during the day and working as well. Ms. Castro had a 3.0 GPA at the time she was taken into custody after her trial. Ms. Castro had aspirations of becoming a dentist.

Ms. Castro has been residing in the United States the majority of her life. Although she was born here, she traveled to Brazil for only 10 months when she was 17 years old. She returned and has been residing in South Florida ever since. Jennifer has two good loving parents who have always taught her right from wrong. Her father, Alaor Castro has operated his own construction company for the past 10 years. Her mother, Marcilene Caruso, has operated a cleaning company for the past 5 years. Jennifer has a half-sister, Monique Smyth, age 28, who has recently given birth to a baby girl.

While Jennifer is not condoning the conduct in which she engaged in during the course of the conspiracy, the degree of culpability that should be attributable to her in her role during the short period of time that she spent with A.E. is important for the Court to consider in imposing sentence. The 2015 Amendment to 18 U.S.C. § 1591 effectively reduced the Government's burden and allowed a prosecution without having to show proof that a defendant actually knew the victim had not attained the age of 18 or acted in reckless disregard of the victims true age. This unique change in the law should be considered by the Court in assessing culpability and ultimately a fair and reasonable sentence to be imposed for Ms. Castro. This amendment has turned the offense for which Ms. Castro was charged into an opinion crime based upon the perception of a jury. While the jury was told about the facts and heard testimony about what she

observed during a relatively short period of time, the jury was also presented with and informed of the truth about A.E.'s true age where Ms. Castro was not. The jury could never really be in the same position to assess the observations that Ms. Castro did under these circumstances.

In fact, pursuant to § 5K2.0(a)(4)(b)(2), in child crimes and sexual offenses, under 18 USC § 3553(b)(2)(A)(ii), the sentencing court may impose a sentence below the range established by the applicable guidelines only if the court finds there exists a mitigating circumstance of a kind, or to a degree, that has not been taken in consideration by the Sentencing Commission in formulating the guidelines. Such circumstances exist in this case by the mere change in the law as referenced above in addition to the facts and circumstances of this specific case. Further, it is not unusual that courts have imposed sentences below the *advisory* guideline range in cases similar to this for a variety of reasons. The Defendant would adopt the arguments and statistics outlined in Co-Defendants, Jermayne Whyte's sentencing memorandum [DE 138: 15-20] with regard to this particular departure ground and would also rely upon the same facts set forth in the nature and circumstances of the offense as they directly apply to Ms. Castro as well.

While the Co-Defendant points out two recent cases that would show the need to avoid unwarranted disparity in sentencing similarly charged defendants, [DE 138: 20-22] there are many more cases throughout the United States that have appeared in the media that involve much more egregious facts and culpability where the offenders have received no more than and sometimes less than a 10 year minimum mandatory prison sentence. These include the following:

1. Sputnik, Washington – Giedre Ruseckaite, 24 years old, received a sentence of 120 months imprisonment for helping run her boyfriend's sex trafficking business while he was in jail and smuggled the profits so that he could make payments and telephone calls. According to the FBI, Ms. Ruseckaite would give alcohol and drugs to the girls so that they would be able to "work

longer without sleep." The two under aged girls in the case were 15 and 17 years old. <u>Sputnik News</u> (3/10/15).

2.  Tulsa, Oklahoma – Morgan Palmer, received a sentence of 120 months imprisonment for helping her boyfriend by recruiting young girls for sex trafficking. <u>Fox 23 News</u>, Tulsa, Oklahoma (3/21/17).

3.  Alexandria, Virginia – Yanira del Carmen Guerrero Andrade, a/k/a "Yadira" or "Litsy", 28 years old, received a sentence of 11 years (132 months) imprisonment for recruiting 15 year old pregnant runaway teenager and exploiting her into prostitution that was run by a violent street gang. Not only did Ms. Andrade know the true age of the victim, she also referred her out to other traffickers who exploited the victim as well. It was reported that the 1st day Ms. Andrade trafficked the victim she saw 15 customers and by the 3rd day the victim saw 25 customers. <u>U.S. Immigration and Customs Enforcement</u>, New Release (5/10/13).

4.  Pittsburgh, Pennsylvania- Poshauntamarin Walker, a former prison guard, 35 years old, received a 120 month sentence for sex trafficking (2) minors, one boy and a 16 year old girl. Ms. Walker worked with her boyfriend, Rasul Abernathy, a former inmate she met while she was working as a prison guard. Ms. Walker would place ads for sex services and drive the minors to the dates. Ms. Walker let the minors live with her and her boyfriend, showed her how to dress and apply makeup provocatively and would even give the minors marijuana and pain pills to help them relax before they would have to perform sex with customers. Both defendants also physically abused the minor female and threaten violence if she refused to have sex or run away. <u>Action 4 News</u>, Pittsburgh, PA (2/11/15).

5. Dallas, Texas – Erin Patton, 24 years old, received a sentence of 87 months imprisonment for helping her "gang member" boyfriend solicit young girls for sex trafficking. Ms.

Patton would let the girls, some as young as 14 years old, live with her, provided them with cell phones and drive them around to customers that they would get from backpage.com. U.S. Attorney's Office, Northern District of Texas, Press Release (8/22/14).

When you compare these cases to the instant offense and the circumstances surrounding A.E., of which this Court saw and heard first hand, it is hard to believe that Ms. Castro should receive more than the 120 month minimum mandatory prison sentence either. To do otherwise would show unwarranted disparity in sentencing offenders charged with similar offenses.

Another factor that this Court can consider in varying downward from the guideline range can be found U.S.S.G. § 5H1.6. As also pointed out by Co-Defendant Whyte in his sentencing memorandum[1] [DE 138: 26-29], the new application note to § 5H1.6, comment. n.1 (A)(i)-(iii), instructs the court to consider the seriousness of the offense, the defendant's involvement in that offense, and the members of the defendant's family.  Further, comment. (n.1(B)(i)-(iv) requires the court to consider if "the defendant's service of a sentence within the guideline range will cause a substantial loss of essential care-taking or essential financial support to his family," that "the loss of care-taking or financial support exceeds the harm ordinarily incident to incarceration for a similarly situated defendant," that "the loss of care-taking or financial support is one in which no effective remedial or ameliorative programs reasonably are available," and that "the departure will effectively address the loss of care-taking or financial support."

---

[1] Jennifer Castro would adopt all of the same grounds and legal arguments set forth by Jermayne Whyte with regard to this essential downward departure ground because she is the primary caretaker of both her minor children. There is even a more compelling reason to depart based upon Ms. Castro's role in the children's lives
.

While Co-Defendant Whyte also argues for a downward variance pursuant to § 5H1.6, it is even more appropriate and compelling in the case of Jennifer Castro. Jennifer has (2) two minor children that will be without their primary care taker if she is incarcerated for an extended period of time as the advisory guidelines suggest. There is no doubt that incarcerating Jennifer Castro for this extended period of time will have devastating psychological effects on her children not to mention the financial hardships they will suffer growing up without their mother. This type of end result does not promote justice for anyone, society or the children.

Finally, even if this Court imposes the ten year mandatory minimum sentence in this case or was in a position to impose less, the conviction under 18 U.S.C. § 1591 will result in Jennifer being declared and having to register as a Sexual Offender which triggers "[e]xtensive restrictions affecting where [s]he can live and work, and how [s]he will be controlled, [and] will follow [her]him for many years." *United States v. D.M.*, 2013 U.S. Dist. LEXIS 63560, at *3 (E.D.N.Y. May 3, 2013). These types of sanctions result in a life long sentence for Ms. Castro long after any period of incarceration is served. The ultimate punishment in this type of case is therefore more severe than other offenders who are also sentenced to a similar period of incarceration without the designation.

The Court should also know that while serving any period of incarceration in the Bureau of Prisons, Ms. Castro will most likely be denied the opportunity to utilize the CorrLinks System, a computer based email system that allows offenders to communicate with family and friends. Being prohibited from this type of communication creates a more isolating and harsh experience in prison.

Additionally, Ms. Castro, because of her conviction for violation of 18 U.S.C. § 1591, because it involves the sexual abuse of a minor, is ineligible for a sentence reduction for

completion of the RDAP (Residential Drug Abuse Program).

Finally, Ms. Castro, who would be assigned a sex offender would not be eligible for placement into a halfway house near the end of her prison sentence. This could account for as much as 6 to 12 months early release from incarceration.

## CONCLUSION

WHEREFORE, for all of the reasons outlined in this Sentencing Memorandum, the Defendant, Jennifer Castro respectfully requests this Honorable Court to vary downward from the advisory sentencing guideline range, (235-293 months imprisonment) and impose the applicable minimum prison sentence that this Court is legally bound to impose under the law.

Respectfully submitted by,

JONATHAN S. FRIEDMAN, P.A.
ATTORNEY FOR JENNIFER CASTRO
ONE EAST BROWARD BLVD.
SUITE 925 - WELLS FARGO BANK TOWER
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 713-2820
FACSIMILE: (954) 713-2894

/S/ Jonathan S. Friedman
JONATHAN S. FRIEDMAN, ESQ.
FLORIDA BAR NUMBER: 0973297

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 2, 2017, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, United States Attorney's Office, and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

                                      /S/ Jonathan S. Friedman_____
                                      JONATHAN S. FRIEDMAN, ESQ.