UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        CASE NO. 16-60350-CR-DIMITROULEAS

    Plaintiff,

vs.

JENNIFER CASTRO,

    Defendant.
_____/

**O R D E R**

THIS CAUSE is before the Court on Defendant's April 9, 2024 Motion to Reduce Sentence [DE-239-1]. The Court has considered the Government's April 16, 2024 Response [DE-241], Defendant's April 18, 2024 Reply [DE-242], the court file, and the Pre Sentence Investigation Report (PSIR) and having presided over the trial of this cause, and having considered the factors in 18 U.S.C. § 3553(a) finds as follows:

1. On May 2, 2017, Castro, along with co-defendant Jermayne Whyte, was charged by a Superseding Indictment with Conspiracy to Sex Traffic a Minor contrary to 18 U.S.C. § 1594(c), Sex Trafficking of a Minor, contrary to 18 U.S.C. § 1591(a)(1) and (b)(2) and a Mann Act violation, contrary to 18 U.S.C. §2421(a). [DE-36].

2. On May 4, 2017, Judge Valle indicated that the Government was bending over backwards to convince her to come up with a release package pending trial. [DE-71, p. 20]. The Court suspects that the prosecutor might have wanted Castro to testify against the co-defendant, the father of her child. Nevertheless, she was released with a number of bond conditions. [DE-46].

3. On August 25, 2017, Castro, in a joint trial, was found guilty on all three counts. [DE-119].

4. On November 17, 2017, Castro was sentenced to 188 months in prison. [DE-154]. The PSIR reflects convictions for:

    A. Theft (para. 49)

    B. Burglary and Grand Theft (para. 50)

    C. Burglary Conveyance (5 counts) (para. 51)

    D. Possession of Marijuana and Giving False Name (para. 52)

    E. Fraudulent Use of Personal Identification, Uttering and Grand Theft (para. 53).

In the last two convictions, Castro used false names. She had six criminal history points, for a Criminal History Category III (para. 54-56 of PSIR). The Offense Level was 36 with a Criminal History Category III for a range of 235-293 months (para. 103 of PSIR). The Court sustained some objections and calculated the guidelines at an offense level 34, criminal history category III for a range of 188-235 months. [DE-181, p. 23]. Without the two status points under Part A of Amendment 821, Castro would still have four criminal history points, and the criminal history would remain a Category III. There would be no change in the advisory guideline range.

5. On July 10, 2019, the Eleventh Circuit Court of Appeal affirmed. [DE-205]. *U.S. v. Whyte*, 928 Fed. 3d 1317 (11th Cir. 2019). Rehearing was denied on August 28, 2019. Mandate issued on September 5, 2019. On January 13, 2020, the United States Supreme Court denied certiorari. [DE-208]. *Castro v. U.S.*, 140 S. Ct. 874 (2020).

6. On June 29, 2021, this Court denied a Motion to Vacate, [DE-221], after having conducted an evidentiary hearing. The Court found that Castro's after-the-fact testimony that she would have pled guilty was not credible. [DE-221, p. 3]. On October 29, 2021, the Eleventh Circuit denied a Certificate of Appealability [DE-35 in 21-60071-CIV].

7. In this Motion to Reduce Sentence, Castro relies on USSG § 1B1.13(b)(4) because she alleges that she was a victim of sexual abuse while in custody, as established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding. First, she contends that she was assaulted by Physician's Assistant Paul Rolston. To support her position she adds an affidavit about unusual pap-smears done on menstruating inmates and a transfer of Rolston to another male-only prison. Her support is insufficient to establish that a sexual abuse occurred. Secondly, she adds a victim impact statement sent to Judge Hinkle in the case of *U.S. v. Lenten Jerome Hattan*, case #23-18-CR (N.D. Fla). In that case Hatten pled guilty to Sexual Abuse of a ward. He was facing fifteen (15) years in prison; he received a sentence of only either three or four months. Importantly, the victim in that case ws B.H. [DE-1 in 23-18-CR]. Although Castro has used many aliases over the years, B.H. does not appear to be one of them. Sending a victim impact letter to a judge in prosecution for a crime against another inmate does not establish that Castro was the victim of a sexual act. Nevertheless, even if the Court were to find her evidence sufficient, the Court would not exercise discretion to grant any relief. *Concepcion v. U.S.*, 142 S. Ct. 2389, 2405 (2022). A reduction would not promote respect for the law or act as a deterrent.

8. Castro's request under USSG § 1B13(b)(5) also fails. The Court has considered the alleged mitigating factors and the factors in 18 U.S.C. § 3553(a), and a reduction in sentence would not promote respect for the law or act as a deterrent. Castro committed a heinous crime, her being a decent prisoner afterwards does not cancel the heinousness of her crime. Finally, as recently as June 28, 2021, this Court found that Castro's testimony to be less than credible.

9. The Court agrees with the Government's response that the 3553(a) factors do not justify a reduction. Other judges' decisions in other cases are persuasive, not controlling, on this court.

The request for a hearing is Denied.

The Motion to Reduce Sentence [DE-259-1] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of April, 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record